IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARSHALL RAYMOND MANN,           )
                                 )       Civil No. 02-608-MO
          Petitioner,            )
                                 )
     v.                          )
                                 )
JOAN PALMATEER,                  )
                                 )       OPINION AND ORDER
          Respondent.            )

     Marshall Raymond Mann
     Snake River Correctional Institution
     #314297
     777 Stanton Road
     Ontario, Oregon 97914

          Petitioner, *Pro Se*

     Hardy Myers
     Attorney General
     Douglas Y.S. Park
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent


     1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He attempts to challenge his underlying state convictions on numerous constitutional grounds. For the reasons which follow, the Petition for Writ of Habeas Corpus is denied and this case is dismissed, with prejudice.

## BACKGROUND

On May 19, 1994, petitioner was indicted in Douglas County for Attempted Murder, Kidnaping in the First Degree (two counts), Robbery in the Second Degree, Assault in the First Degree, and Assault in the Third Degree. Respondent's Exhibit 102. The Robbery charge was subsequently dropped, and petitioner proceeded to a jury trial on the remaining counts in the indictment. The jury found petitioner guilty on all counts, and petitioner was sentenced to a total of 230 months in prison. Respondent's Exhibit 101.

Petitioner directly appealed his convictions, but his appointed appellate attorney was unable to find any non-frivolous issues and filed a brief pursuant to State v. Balfour, 311 Or. 434, 814 P.2d 1069 (1991).[1] Petitioner did not include any claims in

---

[1] The Balfour procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. State v. Balfour, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

the *pro se* portion of his Appellant's Brief. Respondent's Exhibit 103. The Oregon Court of Appeals affirmed the trial court without opinion in State v. Mann, 137 Or.App. 37, 904 P.2d 1094 (1995). Petitioner did not petition the Oregon Supreme Court for review.

Petitioner next filed for collateral review in Oregon's post-conviction ("PCR") courts, where the PCR trial court denied relief on all of petitioner's claims. Respondent's Exhibits 123-125. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. Mann v. Palmateer, 177 Or.App. 329, 34 P.3d 1217 (2001), rev. denied, 333 Or. 655, 45 P.3d 448 (2002).

On May 10, 2002, petitioner filed his federal Petition for Writ of Habeas Corpus. The Petition contains approximately 200 grounds for relief which raise issues based principally on prosecutorial misconduct, ineffective assistance of trial and appellate counsel, trial court error, and the ineffective assistance of PCR counsel. In support of his Petition, petitioner filed a Motion for Summary Judgment, which the court construed as a Memorandum in Support of the Petition in an Order dated July 29, 2005.

Respondent asks the court to deny relief on the Petition because: (1) many of the claims fail to state a basis upon which federal habeas relief may be granted; (2) all of his claims are procedurally defaulted; and (3) the decisions of the Oregon state

courts were neither contrary to, nor unreasonable applications of, clearly established federal law.

**DISCUSSION**

I. **Failure to State a Claim**.

It appears that petitioner attempts to bring ineffective assistance of counsel claims based on the performance of his PCR counsel. 28 U.S.C. § 2254(i) provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Accordingly, petitioner's claims against PCR counsel do not entitle him to habeas corpus relief.

To the extent petitioner seeks to raise Fourth Amendment claims in this proceeding, he may not do so because there is no evidence that he was denied a full and fair opportunity to raise such claims in state court. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); Stone v. Powell, 428 U.S. 465, 494 (1976).

II. **Exhaustion and Procedural Default**.

A. **Standards**.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the

exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

**B. Analysis.**

Following his criminal trial, petitioner filed his Appellant's Brief with the Oregon Court of Appeals which did not contain any

grounds for relief.  After the Oregon Court of Appeals affirmed the trial court without opinion, petitioner declined to petition the Oregon Supreme Court for review.  Because petitioner failed to present any claims for relief to the Oregon Court of Appeals or the Oregon Supreme Court, and as he cannot do so now, any direct appeal claims he might seek to raise in this proceeding are procedurally defaulted and do not entitle him to habeas corpus relief.

Respondent also contends that despite petitioner's timely Petition for Review to the Oregon Supreme Court during his PCR proceedings, he failed to present his claims in a procedural context in which the merits of his claims would be considered. Specifically, he directs the court's attention to the Oregon Rules of Appellate Procedure which require litigants seeking Oregon Supreme Court review to "identify clearly in the petition itself the legal questions presented, why those questions have special importance, a short statement of relevant facts, and the reasons for reversal, 'including appropriate authorities.'"  Baldwin v. Reese, 124 S.Ct. 1347, 1350 (2004) (quoting ORAP 9.05(7)).

Because petitioner's claims raised during his PCR proceedings fail on their merits, the court declines to decide whether those claims were fairly presented sufficient to satisfy the habeas corpus exhaustion requirement.  See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

III. **The Merits**.

A. **Standard of Review**.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

<u>Id</u> at 410.  The state court's application of clearly established law must be objectively unreasonable.  <u>Id</u> at 409.

**B.**  **<u>Analysis</u>**.

  1.  <u>Trial Court Error, Conspiracy, and Prosecutorial Misconduct</u>.

During his PCR trial, petitioner sought relief based in part on claims of trial court error, conspiracy, and prosecutorial misconduct.  The PCR trial court specifically determined that these claims were not properly raised in a PCR case because petitioner could have raised the issues at trial, but failed to do so.  Respondent's Exhibit 124, p. 18.  Because these claims were not presented to the PCR trial court in a procedural context in which the merits were considered, these claims were not fairly presented and are now procedurally defaulted.  <u>See</u> <u>Castille</u>, *supra*.

  2.  <u>Ineffective Assistance of Trial, Sentencing, and Appellate Counsel</u>.

Although petitioner has raised a vast number of ineffective assistance of counsel claims in this case, only those claims which he presented to the PCR trial court could have been fairly presented to Oregon's state courts.  The court therefore limits its review of petitioner's claims to those raised in his PCR Petition.

The court has conducted a thorough review of the record in this case.  Petitioner's grounds for relief pertain to the alleged failures of his attorneys during trial, sentencing, and direct appeal.  The PCR trial court made exhaustive factual findings which undercut the basis underlying each of petitioner's ineffective

assistance of counsel claims. <u>See</u> Respondent's Exhibit 124, pp 8-17. Petitioner has not rebutted these factual findings by clear and convincing evidence, therefore the court accepts them as true. <u>See</u> 28 U.S.C. § 2254(e)(1).

Taking the PCR trial court's factual findings as true, its conclusion that petitioner was not denied his constitutional right to counsel as guaranteed by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) is neither contrary to, nor an unreasonable application of, clearly established federal law. Petitioner is therefore not entitled to federal habeas corpus relief.

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this <u>26th</u> day of September, 2005.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge
